UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| RODREKUS WATSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CV624-028 |
| | ) |
| BRIAN ADAMS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

After a careful de novo review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation (R&R), (doc. no. 13), to which Plaintiff has filed an Objection, (doc. no. 15). For the reasons explained below, the Report and Recommendation is **ADOPTED**, as supplemented. See, e.g., 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."). The Court has also resolved several other issues raised in the Objection below.

The Magistrate Judge screened Watson's Complaint pursuant to 28 U.S.C. § 1915A. (See doc. no. 13 at 8-15.) The Magistrate Judge concluded that, although Watson did not state any viable claim for relief, he was entitled to an opportunity to amend his claims. (Id. at 14-15.) Watson's Objection requests additional time to submit the required amendment. (Doc. no. 15 at 3.) However, shortly after his Objection was docketed, the Clerk docketed his Amended Complaint. (Doc. no. 17.) Pursuant to the "prison mailbox rule," see, e.g., Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001), it is deemed filed no later than August 4, 2025, (see, doc. no. 17 at 16). Since the Amended

Complaint is deemed filed before the deadline imposed by the Magistrate Judge, (see doc. no. 13 at 15), his request for an extension of that deadline is **DISMISSED** as moot.

Watson also objects to the Magistrate Judge's denial of his request for appointed counsel. (See doc. 15 at 1-2.) Since the Magistrate Judge correctly disposed of that request by Order, not Report and Recommendation, Watson's objection is properly construed as an appeal of that Order, pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). Such orders are upheld unless they are "clearly erroneous or contrary to law." See, e.g., Fed. R. Civ. P. 72(a). "A ruling is clearly erroneous where either the magistrate judge abused his discretion or the district court, after reviewing the entirety of the record, is left with a definite and firm conviction that a mistake has been made." Jackson v. Deen, 2013 WL 3991793, at *2 (S.D. Ga. Aug. 2, 2013) (citing Pigott v. Sanibel Dev., LLC, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008)). A decision by the magistrate judge is contrary to law when it "fails to follow or misapplies the applicable law." Id. (citations omitted).

Watson objects to the denial of his request for counsel on several grounds. First, he argues that he has been directed to amend his complaint twice. (Doc. no. 15 at 1.) It is not entirely clear what instructions Watson is referring to, but only one order directing him to amend appears on the docket. He also asserts, without any explanation, that the issues in his case are "too complex." (Id.) However, upon review of his Complaint, the Court agrees with the Magistrate Judge that it does not present any issue so complex as to require appointed counsel. (Doc. no. 13 at 5.) Finally, Watson refers to the strictures on his access to legal research materials while incarcerated as a reason to appoint counsel. (Doc. no. 15 at 1-2.) However, as the Magistrate Judge explained, "this Court has repeatedly recognized that 'prisoners do not receive special consideration for appointed

counsel notwithstanding the challenges of litigating a case while incarcerated.'" (Doc. no. 13 at 4-5 (quoting Hampton v. Peeples, No. CV614-104, 2015 WL 4112435, at *2 (S.D. Ga. July 7, 2015).) Watson has, therefore, identified nothing in the Magistrate Judge's consideration of his request for appointed counsel that is "clearly erroneous or contrary to law." Accordingly, his appeal of that Order is **DENIED**. (Doc. no. 15.)

Finally, Watson objects to the Magistrate Judge's recommendation that his request for release or transfer to another prison, which the Magistrate Judge construed as a request for injunctive relief, be denied. (Doc. no. 15 at 3.)[1] The Magistrate Judge explained that, in general, a preliminary injunction is "an extraordinary and drastic remedy," which the Court has discretion to grant or deny. (Doc. no. 13 at 6 (internal quotation marks and citations omitted).) The Magistrate Judge also noted that Watson had not addressed any of the prerequisites for such a motion. (Id. at 6-7.) Watson's Objection somewhat perfunctorily attempts to correct that omission. (Doc. no. 15 at 3.) He has not, however, addressed the general principle, identified by the Magistrate Judge that "federal courts should refrain from unwarranted interference in the day-to-day operations of state prisons." (Doc. 13 at 7 (quoting Harris v. Deal, No. CV316-086, 2016 WL 7856418, at *2 (S.D. Ga. Dec. 13, 2016)) (internal quotation marks omitted).) Nor has he addressed the authority, cited by the Magistrate Judge that "it is well settled that a prisoner has no constitutional right to confinement in a particular prison." (Id. at 7 (internal quotation marks and citations omitted).) The Court concurs with the Magistrate

---

[1] The Magistrate Judge noted that the Motion was not signed. (Doc. no. 13 at 5 n. 1.) Watson has signed the Motion, in compliance with the Clerk's notice. (See doc. no. 16.)

Judge's recommendation. Watson's Motion for Immediate Injunctive Relief is **DENIED**. (Doc. 10.)

In summary, Watson's objection to the Magistrate Judge's denial of his request for appointed counsel, construed as an appeal of that Order, is **DENIED**. His objection to the Magistrate Judge's recommendation that his Motion for Immediate Injunctive Relief be denied is **OVERRULED**. The Court **ADOPTS** the Magistrate Judge's recommendation, (doc. no. 13), and **DENIES** the Motion, (doc. no. 10). Watson's request for additional time to submit his Amended Complaint, as directed by the Magistrate Judge, is **GRANTED**. He is **DIRECTED** to submit his Amended Complaint, as previously instructed, by no later than September 2, 2024.

**ORDER ENTERED** at Augusta, Georgia, this 21st day of August, 2024.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA