## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## STATESBORO DIVISION

RODREKUS WATSON,               )
                               )
      Plaintiff,               )
                               )
v.                             )          CV624-028
                               )
BRIAN ADAMS, *et al.*,[1]      )
                               )
      Defendants.              )

## ORDER AND REPORT AND RECOMMENDATION

The Court previously screened *pro se* plaintiff Rodrekus Watson's Complaint, pursuant to 28 U.S.C. § 1915A. *See* doc. 13. The Court denied his request for appointed counsel and recommended that his request for injunctive relief, in the form of release from his incarceration or transfer to another prison, be denied. *Id.* at 3-7. The Court identified three claims implicated in his Complaint but concluded that none stated a claim upon which relief could be granted. *Id.* at 7-15. It, therefore, directed him to submit an Amended Complaint. *Id.* at 15. He objected to the disposition

---

[1]  Watson's original Complaint identified "Ms. Rylee Doctor Marla Rylee" as a defendant. *See* doc. 1 at 1, 4, 7. His Amended Complaint identifies "M. Riley" as a defendant. Doc. 17 at 4, 15-16. Since, as discussed below, the Amended Complaint supersedes the original, the Clerk is **DIRECTED** to correct the Defendant's name on the docket to conform to the spelling in the Amended Complaint.

of his motions, doc. 15, and filed an Amended Complaint, doc. 17. The District Judge adopted the recommendations and affirmed the prior Order in full. *See* doc. 18. The Court, therefore, proceeds to screen his Amended Complaint.

The Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), so allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal). Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

Watson's Amended Complaint alleges that, on June 8, 2022, three unidentified inmates entered his dormitory at Smith State Prison. *See* doc. 17 at 5-6. He alleges that the inmates acquired keys from an unidentified officer. *Id.* at 6. Using those keys, the inmates accessed cells, including Watson's, and robbed and assaulted the inmates occupying

them. *Id.* He alleges that Defendant Warden Adams "ordered the officer to give the inmates the keys in retaliation of me declining his extortion tactic of 50K dollars." *Id.* He alleges that, during the attack, he suffered a cut to his hand. *Id.* He was evaluated the next morning, sent to a hospital, and received treatment for the cut. *Id.* at 15. After several weeks, he noticed numbness and limited motion in his hand. *Id.* He was sent for physical therapy but did not complete the course of that therapy. *Id.* at 15-16.

Before discussing Watson's specific claims, the Court must again address his request that he be released. Instead of seeking release as a form of preliminary injunctive relief, Watson now includes it as one of the forms of relief he seeks in this case. *See* doc. 17 at 6 (requesting "[r]elease from prison effective immediately"). However, "a prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement . . . ." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *see also Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."). Watson's

request for relief, therefore, fails regardless of the claims he asserts. It should be **DISMISSED**.

The Court must also address one of the claims from the original Complaint and several defendants which are omitted from the Amended Complaint. As the Court previously explained, the Amended Complaint supersedes the prior Complaint. *See* doc. 13 at 15 (citing *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982)). The Court previously explained that the original Complaint implicated a possible Fourteenth Amendment due process claim. *See* doc. 13 at 8-10. The Amended Complaint omits that claim entirely. *See generally* doc. 16. Moreover, the original Complaint identified a "Doctor at Evans Memorial [Hospital]," and "Evan[s] Memorial Hospital" as defendants. *See* doc. 1 at 1. Those parties are omitted from the Amended Complaint. *See generally* doc. 17.[2] Any Fourteenth Amendment claim asserted in the original Complaint and any claim against the "Doctor at Evans Memorial [Hospital]," and "Evan[s]

---

[2] The Amended Complaint does refer to "All Defendants on Doc!" in its caption. *See* doc. 17 at 1. However, there is no reference to the doctor or hospital among the subsequently specified defendants. *See id.* at 2-4. There is also no reference to them in Watson's factual allegations. *See id.* at 6, 13-16. Whether or not Watson intended to include them, therefore, the Amended Complaint fails to state any claim against them and they may be dismissed on that alternative basis.

4

Memorial Hospital" should, therefore, be **DISMISSED** as abandoned. *See, e.g., Riley v. Georgia Dept. of Corrs.*, 2012 WL 2872636, at *2 (S.D. Ga. Apr. 17, 2012). Having disposed of those preliminary matters, the Court proceeds to consider the claims asserted in the Amended Complaint.

### A. Failure to Protect

As the Court previously explained, *see* doc. 13 at 10, to succeed on an Eighth Amendment deliberate-indifference claim, a plaintiff-inmate must show: (1) that the alleged deprivation is, "objectively, 'sufficiently serious,'" and (2) the defendant-official acted with "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 834, 839 (1994) (internal citation omitted). To establish subjective recklessness, the plaintiff must show "that the defendant was actually, subjectively aware that *his own conduct*," whether that "conduct" be action or inaction, "caused a substantial risk of serious harm to the plaintiff." *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024) (emphasis added). Even if a defendant was aware of a substantial risk to a plaintiff-inmate's health or safety, if the defendant "'responded reasonably to the risk,'" he cannot be found liable under the Eighth

Amendment. *Id.* (quoting *Farmer*, 511 U.S. at 844-45). Courts evaluate whether a defendant responded reasonably to a substantial risk to the plaintiff's health or safety objectively. *Id.* (citing two decades of Eleventh Circuit precedent) (Jordan, J., concurring).

For decades, the Eleventh Circuit has described a "more than mere negligence" or "more than gross negligence standard" in determining whether an official acted with deliberate indifference to a substantial risk to an inmate's health or safety. *See Wade*, 106 F.4th at 1255. In *Wade v. McDade*, the Eleventh Circuit determined that those standards were inconsistent with the Supreme Court's decision in *Farmer v. Brennan* and clarified that courts in this circuit should apply the subjective recklessness standard articulated above. *See generally id.* To the extent prior Eleventh Circuit deliberate-indifference cases are not inconsistent with *Wade*, "they should continue to be cited as binding precedent." *Id.* at 1265 (Jordan, J., concurring).

Watson alleges that, several days before the attack, Defendant Adams threatened him and sought a payment of fifty thousand dollars. Doc. 17 at 13. Watson alleges that Defendant Sullivan, acting on orders from Adams, and aware that several inmates had been given a key to

access Watson's dormitory, left his post. *Id.* He also alleges that an unidentified officer, also acting on Adams' orders, gave the inmates the key. *Id.* The unidentified inmates used the keys they had been given to access Watson's cell. *Id.* They assaulted Watson and his cellmate using improvised knives. *Id.* Watson alleges that the unidentified inmates made specific reference to Adam's request for fifty thousand dollars as a motivation for their actions. *Id.* He alleges that Adams, Sullivan, and the anonymous officer who provided the inmates with the keys created a substantial risk of serious harm. *Id.* at 14. He also alleges that Defendants McFarland and Sharpe created such a risk by "not insuring the security" of the dorm. *Id.* He also alleges that Sharpe "abandoned her post," *id.*, but, other than the generalized allegation that she failed to ensure security, that "abandonment" is unexplained. *See generally id.*

First, the Court is satisfied that Watson has sufficiently alleged a failure-to-protect claim against Adams, Sullivan, and the anonymous guard. His allegations that those three defendants conspired together to coordinate and facilitate the attack in retribution for his refusal to accede to Adams' solicitation of fifty thousand dollars is sufficient to warrant service upon those defendants. Although the authority analyzing

allegations of a guard's solicitation of other inmates to attack a plaintiff is limited, courts have applied *Farmer*'s deliberate indifference framework. *See Garcia v. Ojeda*, 2010 WL 5173147, at \*5-\*6 (E.D. Cal. Dec. 14, 2010) ("[A] rational trier of fact could conclude that it is not constitutionally acceptable for a correctional officer to ask inmates to attack a particular prisoner . . . ."); *see also Grant v. Heisol*, 2017 WL 1364664 at \*5 (E.D. Cal. Apr. 14, 2017) (acknowledging that "Plaintiff's allegations that inmates were recruited at various points to threaten and intimidate Plaintiff could give rise to a claim" under *Farmer*'s deliberate indifference analysis); *Joseph v. Parciasepe*, 2015 WL 3869676, at \*7 (E.D. Cal. June 23, 2015) ("Soliciting another inmate to assault plaintiff would not only make [defendant] aware of a substantial risk of harm to plaintiff's safety, it would mean he was actively attempting to create an excessive risk to plaintiff's safety . . . ."); *Lyons v. Beard*, 2011 WL 398273, at \*12 (M.D. Pa. Jan. 10, 2011) (allegation of corrections officers "actively soliciting inmates to assault" the plaintiff "plainly make out an Eighth Amendment violation"). Watson's failure-to-protect claim is, therefore, sufficient for service on the defendants he alleges intentionally facilitated the attack.

Given the Court's conclusion, it is necessary to consider the status of the anonymous, or "John Doe," defendant who Watson alleges provided his assailants with the key. This Circuit "generally forbids fictitious-party pleading—that is, claims against fictitious or non-existent parties are usually dismissed." *Smith v. Comcast Corp.*, 786 F. App'x 935, 939 (11th Cir. 2019) (citing *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010)). There is a "limited exception" to the rule "when the plaintiff's description of the defendant is so specific as to make the fictious name, at the very worst, surplusage." *Id.* (internal quotations and citation omitted). "[I]n the context of prisoner lawsuits, where plaintiffs encounter difficulties in identifying the precise defendants, an appropriate alternative to dismissal may be . . . to permit the plaintiff to obtain their identit[ies] through discovery." *Scott v. Miami Dade Cnty.*, 2023 WL 4196925, at *7 (11th Cir. June 27, 2023) (citing *Brown v. Sikes*, 212 F.3d 1205, 1209 n. 4 (11th Cir. 2000) (internal quotations omitted)).

Although Watson's description of the unidentified defendant is not sufficiently clear for the Court to authorize service upon him, it is sufficiently indicative that he may ascertain the defendant's identity through discovery. Since, as discussed above, service upon Adams and

Sullivan is appropriate, the Court will not dismiss the anonymous defendant at this time. However, Watson is advised that he remains responsible for identifying that defendant and, if appropriate, amending his pleadings so that he can be timely served. *Cf. Temple v. Cox*, 2020 WL 6566177, at *10 (S.D. Ga. Nov. 9, 2020); *Reid v. Hasty*, 2010 WL 11647079, at *6 (N.D. Ga. Jan. 7, 2010).

Watson's allegations are not, however, sufficient to state a failure-to-protect claim against McFarland or Sharpe. The Amended Complaint does not include any allegation that either McFarland or Sharpe had specific subjective knowledge of the risk created by the alleged plan. His vague allegation that McFarland and Sharpe failed to "insure the security of the facility," is not sufficient to allege that they had the "subjective awareness of the risk *posed by [their] own conduct*—rather than more vaguely on some allegedly preexisting risk," required to support a failure-to-protect claim. *Wade*, 106 F.4th at 1261 (emphasis added); *see also id.* ("[I]n order to show that a defendant acted with subjective recklessness as used in the criminal law, [cit.], a deliberate-indifference plaintiff must demonstrate that the defendant was actually aware that his own conduct

caused a substantial risk of serious harm to the plaintiff."). Watson's claims against McFarland and Sharpe should, therefore, be **DISMISSED**.

## B. Medical Needs

Again, as the Court previously explained, *see* doc. 13 at 12-14, "[f]ederal and state governments . . . have a constitutional obligation to provide minimally adequate medical care to those whom they are punishing by incarceration." *Harris v. Thigpen*, 941 F.2d 1495, 1504 (11th Cir. 1991). To establish an Eighth Amendment claim based on inadequate medical care, a plaintiff must allege facts sufficient to show that the defendants engaged in "acts or omissions sufficiently harmful to evidence deliberate indifference to [his] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The objective component to deliberate indifference in this context, *see Wade*, 2024 WL 3354963, at \*7, requires that plaintiff allege an objectively "serious medical need[–]one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention," *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004) (internal quotations and citations omitted). Second, plaintiffs must show that the defendants' acted with deliberate indifference to his serious

medical need by demonstrating that the defendants were subjectively aware that their own inaction caused a substantial risk of serious harm and that the defendants unreasonably disregarded that risk. *Wade*, 106 F.4th at 1262. If the defendants acted reasonably, they cannot be held liable under the Eighth Amendment. *Id.*

The Court's prior analysis expressed uncertainty concerning the precise focus of Watson's claim. *See* doc. 13 at 13-14. Watson's Amended Complaint is somewhat clearer his claim is based on the alleged failure to follow-up on his reports of numbness and limited mobility in his injured hand and to ensure that he received the physical therapy that he was prescribed. *See* doc. 17 at 15. The Court assumes, without deciding, that the numbness and limited mobility constitute objectively serious medical needs. *See, e.g., Allen v. Stieve*, 2011 WL 4479595, at *3 (W.D. Mich. Sept. 26, 2011) ("Limited mobility in Plaintiff's hand does not, in itself, present a need for urgent medical treatment, much less a risk of serious harm to Plaintiff."). Although the exact sequence of events related to Watson's physical therapy is not entirely clear, the Court is satisfied that his allegation that Dr. Riley cancelled his prescribed therapy, without

explanation, is sufficient to be served.[3]  *See, e.g.,* doc. 17 at 16 ("I went to two sessions [out of a prescribed 12-16 week course of physical therapy] [and] Dr. Riley canceled them again.").

In summary, Watson's request for immediate release from his incarceration should be **DISMISSED**.  To the extent that his prior Complaint asserted a Fourteenth Amendment due process claim and claims against "Doctor at Evans Memorial," and "Evan[s] Memorial Hospital" those claims, and those defendants, should be **DISMISSED**. Watson's Amended Complaint fails to state a deliberate-indifference claim against Defendants McFarland and Sharpe.  It should, therefore, be **DISMISSED**.  Since that claim is the only claim discernably asserted against either of those defendants, they should be **DISMISSED** from this case.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B)

---

[3] To be clear, the Court does not find that the deliberate indifference claim against Dr. Riley is sufficient to survive a fully briefed Motion to Dismiss.  However, the plausible implication that Dr. Riley intentionally cancelled previously prescribed physical therapy for non-medical reasons is sufficient for service.  Whether the allegations concerning his condition or Riley's conduct are ultimately sufficient to support the objective and subjective prongs of a deliberate indifference claim can be revisited after service.

and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Since the Court approves for service Watson's failure-to-protect claim against Defendants Adams, Sullivan, and "John Doe," and his deliberate indifference claim against Defendant Riley, a copy of Plaintiff's Complaint, doc. 1, a copy of the Court's prior screening Order and Report and Recommendation, doc. 13, the District Judge's adoption Order, doc.

18, Watson's Amended Complaint, doc. 17, and a copy of this Order and Report and Recommendation shall be served upon defendants by the United States Marshal without prepayment of cost. The Court **DIRECTS** the Clerk of Court to serve a copy of this Order upon Plaintiff. The Court also provides the following instructions to the parties that will apply to the remainder of this action.

## <u>INSTRUCTIONS TO ALL DEFENDANTS IN THIS ACTION</u>

Because Plaintiff is proceeding *in forma pauperis*, the undersigned directs service be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to a defendant by first-class mail and request the defendant waive formal service of summons. Fed. R. Civ. P. 4(d); Local R. 4.5. A defendant has a duty to avoid unnecessary costs of serving the summons, and any defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d). Generally, a defendant who timely returns the waiver is not required to answer the complaint until 60 days after the date the marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that any Defendant in this action is granted leave of court to take the deposition of Plaintiff upon oral examination. Fed. R. Civ. P. 30(a)(2). Defendants are further advised the Court's standard 140-day discovery period will commence upon the filing of the last answer. Local R. 26.1. Defendants shall ensure all discovery, including Plaintiff's deposition and any other depositions in the case, is completed <u>within that discovery period</u>.

If a Defendant takes the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30. As Plaintiff will not likely attend such a deposition, the Defendant taking the deposition must notify Plaintiff of the deposition and advise him that he may serve on that Defendant written questions Plaintiff wishes to propound to the witness, if any. Defendants shall present such questions to the witness in order and word-for-word during the deposition. Fed. R. Civ. P. 30(c). Plaintiff must submit the questions in a sealed envelope within 10 days of the notice of deposition.

## <u>INSTRUCTIONS TO PLAINTIFF</u>

Plaintiff is charged with the responsibility of **immediately** informing this Court and defense counsel of any change of address during

the pendency of this action.  Local R. 11.1.  Plaintiff's failure to notify the Court of a change in his address **may result in dismissal of this case**.

**IT IS FURTHER ORDERED** that Plaintiff shall serve a copy of every pleading or other document submitted for consideration by the Court on each Defendant (or, if appearance has been entered by counsel, the Defendant's attorney).  Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to each Defendant or the Defendant's counsel.  Fed. R. Civ. P. 5.  "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number."  Fed. R. Civ. P. 10(a).

Plaintiff has the responsibility for pursuing this case.  For example, if Plaintiff wishes to obtain facts and information about the case from a Defendant, Plaintiff must initiate discovery.  *See generally* Fed. R. Civ. P. 26 to Fed. R. Civ. P. 37.  The discovery period in this case will expire 140 days after the filing of the last answer.  Local R. 26.1.  Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period. Id.  Discovery materials should **not** be filed routinely with the Clerk of

Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Local R. 26.4.

Interrogatories are a practical method of discovery for incarcerated persons. See Fed. R. Civ. P. 33. Interrogatories may be served only on a **party** to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are **not named** as a defendant. Interrogatories are not to contain more than 25 questions. Fed. R. Civ. P. 33(a). If Plaintiff wishes to propound more than 25 interrogatories to a party, Plaintiff must have permission of the Court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney for Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c), 37(a)(2)(A); Local R. 26.5.

Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page. **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press this case forward, the court may dismiss it for failure to prosecute. Fed. R. Civ. P. 41; Local R. 41.1.

It is Plaintiff's duty to cooperate in any discovery initiated by a Defendant. Upon no less than five days' notice of the scheduled deposition date, Plaintiff must appear and permit his deposition to be taken and must answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding

without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order.  A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

## <u>ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT</u>

A Defendant may choose to ask the Court to dismiss this action by filing a motion to dismiss, a motion for summary judgment, or both. Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within 14 days of its service.  Failure to respond shall indicate that there is no opposition to a motion.  Local R. 7.5.  Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the Defendant's motion.  Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within 21 days after service of the motion.  Local R. 7.5, 56.1.  The failure to respond to such a motion shall indicate that there is no opposition to

the motion. Furthermore, each material fact set forth in a Defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. If a Defendant files a motion for summary judgment, Plaintiff will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be met by reliance on the conclusory allegations contained within the complaint. If a Defendant's motion for summary judgment is supported by affidavit, Plaintiff must file counter-affidavits if he wants to contest Defendant's statement of the facts. If Plaintiff fails to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in the Defendant's affidavits will be accepted as true and summary judgment may be entered against Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 28th day of August, 2024.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

21